IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville September 20, 2017

**JASON LEE HOLLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2014-A-378      Cheryl A. Blackburn, Judge**

_____

**No. M2017-00510-CCA-R3-PC**

_____

Petitioner, Jason Lee Holley, entered a guilty plea to one count of possession of .5 grams or more of cocaine with the intent to sell in exchange for the dismissal of other charges. Petitioner received a twelve-year sentence as a Range II offender and was ordered to serve one year of the sentence day-for-day prior to being released to community corrections for the balance of the sentence. Petitioner sought post-conviction relief on the basis that his guilty plea was unknowing and involuntary and that he received ineffective assistance of counsel. The post-conviction court denied relief after a hearing. Because Petitioner failed to show that he received ineffective assistance of counsel or that his guilty plea was unknowingly and involuntarily entered, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Jason Lee Holley.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In January of 2014, Petitioner was indicted by the Davidson County Grand Jury in case number 2014-A-378 for one count of possession of .5 grams of more of cocaine with

the intent to sell or deliver, one count of possession of drug paraphernalia, one count of evading arrest, one count of resisting arrest, and one count of driving on a suspended license. Petitioner subsequently entered a guilty plea to one count of possession of .5 grams or more of cocaine with the intent to sell, a Class B felony. He agreed to a sentence of twelve years in exchange for the dismissal of the remaining counts of the indictment. The sentence was ordered to be served twelve months "day for day" and eleven years on Community Corrections. The sentence was ordered to be served consecutively to the sentence in case number 2014-B-1231.[1]

Counsel for the State explained the factual basis for the plea as follows:

[O]n October 30, 2013, Metro police were patrolling around the area of South 5th Street here in Davidson County. They observed a white Chrysler Sebring make a traffic violation. The officer attempted to stop the vehicle. They slowed down for a period of time but then accelerated away from the officer. At some point the officer did not pursue any further[;] however, other officers found the vehicle abandoned a short distance later and also saw an individual who was later identified as [Petitioner] running in the area. He was apprehended on a porch near the area and admitted that he ran because he did not have a driver's license. After patrolling the scene in the area of where he was running, they found cocaine in two separate bags, one with some scales, weighing approximately twenty grams and also found some currency, which was broken into small denominations, on his person.

Petitioner agreed to the factual basis of the plea, told the trial court he was not under the influence of medication, and informed the trial court that trial counsel discussed all aspects of the case with him prior to the entry of the plea.

One year later, Petitioner filed a pro se petition for post-conviction relief with respect to his conviction in case number 2014-A-378. In the form petition, Petitioner checked the following as "possible grounds for relief":

(1) Conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea.

---

[1] According to the transcript of the guilty plea hearing, Petitioner also entered a guilty plea in case number 2014-B-1231 to one count of conspiracy to possess .5 grams of more of cocaine with the intent to sell in exchange for a six-year sentence with one year to be served in incarceration prior to release on Community Corrections. Petitioner received pretrial jail credit of one year, from October 30, 2013, to October 30, 2014. Petitioner does not challenge the conviction from case number 2014-B-1231 in his post-conviction petition.

(3) Conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction was based on use of evidence obtained pursuant to an unlawful arrest.

(6) Conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant.

(9) Denial of effective assistance of counsel.

(10) Newly discovered evidence.

(11) Illegal evidence.

Because Petitioner failed to include a factual basis for his allegations, the post-conviction court granted a fifteen-day extension for Petitioner to file an amended petition. In the amended petition, Petitioner alleged that he received ineffective assistance of counsel on the basis that trial counsel should have filed a motion to suppress the evidence and that the State withheld evidence that fingerprints on the drugs and digital scales did not match Petitioner. The post-conviction court found the petition "may present a colorable claim" and appointed counsel.

Post-conviction counsel filed an amended petition for post-conviction relief. In the amended petition, Petitioner alleged that trial counsel was ineffective for failing to file a motion to suppress and that, as a result of trial counsel's actions, Petitioner's guilty plea was unknowing and involuntary.

The post-conviction court held a hearing on the petition. At the hearing, Petitioner testified that he retained trial counsel. Trial counsel was the third attorney to work on Petitioner's case and was hired about one and one-half months prior to the trial date. Petitioner explained that he remained incarcerated prior to the entry of the plea because he was unable to make bond.

Trial counsel visited with Petitioner two or three times at the jail prior to the entry of the plea. Petitioner acknowledged that they discussed the case and insisted that he asked trial counsel to file several pretrial motions, including a motion to suppress. According to Petitioner, counsel indicated that she would file a motion to suppress but never did so. Petitioner explained that he was unaware that entering a guilty plea would effectively prevent him from filing a motion to suppress. Petitioner also acknowledged, however, that he was no stranger to the judicial process, having entered guilty pleas on prior occasions.

Trial counsel informed Petitioner shortly after she was retained that she would be taking a job with a judge. Petitioner claimed that he chose to enter the guilty plea because he did not have the money to hire someone else and he was tired of being in jail. Petitioner admitted that he agreed with the factual basis for the plea but claimed that he

only agreed to the factual basis for the "plea to take effect." Petitioner did not tell the trial court that he was under the influence of his blood pressure medication at the time of the guilty plea but did not think that the blood pressure medication would affect his ability to make a decision. After Petitioner pled guilty, he received a lab report showing that his fingerprints did not match the fingerprints on the drugs and scales.

Trial counsel testified that she spent approximately two years in private practice prior to being retained by Petitioner. Trial counsel primarily practiced criminal law, including felonies and misdemeanors. When Petitioner retained her services, they met to discuss the case, and trial counsel secured the case file from the previous attorney. She estimated that she and Petitioner met six times prior to the entry of the plea. During their meetings, trial counsel discussed discovery and the possibility of filing a motion to suppress. Trial counsel did not think that the motion was a "slam dunk" but thought that it was worthwhile to file the motion.

Trial counsel was working on the motion to suppress at the same time she was attempting to negotiate a settlement with the State. During this time, trial counsel decided to take a job with a judge. She met with Petitioner and informed him that she would have to withdraw from his case.

At the hearing on the motion to withdraw, the parties agreed to settle Petitioner's case. Trial counsel testified that she informed Petitioner it was his decision and that trial counsel would assist him in finding replacement counsel if he did not want to enter the guilty plea. In trial counsel's opinion, Petitioner's primary concern was getting out of jail, and the settlement offer of two consecutive years day for day made Petitioner hesitate. Trial counsel recalled that Petitioner was reluctant to take the plea deal but ultimately determined that the plea agreement was in his best interest. Trial counsel admitted that she did not mention or discuss the possibility of seeking a certified question of law on the suppression issue.

Petitioner presented evidence at the hearing on the petition for post-conviction relief to support his argument that trial counsel should have filed a motion to suppress. Petitioner explained that he lent his vehicle to a friend on the night of his arrest. He was walking along Shelby Avenue when he saw several police cars. Petitioner reacted by running and was chased down and beaten by police officers when he did not stop. Petitioner claimed that he had about $100 in cash and that no one actually observed him throwing drugs or running from the car.

Officer Conrad Straub, a detective with the Metro Nashville Police Department, participated in the arrest of Petitioner. Initially, the police pursued a white vehicle. The chase continued on foot after officers located the vehicle at 525 Shelby Avenue. Officers soon saw someone running away from the area where the vehicle was found. The man,

later identified as Petitioner, was apprehended by officers. Petitioner was carrying the keys to the white vehicle and about $400 in cash when he was arrested. Additionally, Petitioner was the registered owner of the vehicle. A set of scales and 21.4 grams of cocaine were found in the area where Petitioner was seen running. However, Officer Straub admitted that he did not see Petitioner throw anything on the ground.

Officer John Tuberville went to the hospital with Petitioner. According to Officer Tuberville, Petitioner told him that if any drugs were found behind the dumpster, they did not belong to Petitioner. Officer Tuberville did not solicit the information and did not ask Petitioner any questions. Officer Tuberville testified that Petitioner offered several versions of the events occurring that evening, changing his story several times. Officer Tuberville admitted that he was unaware if Petitioner had been *Mirandized*.

At the conclusion of the hearing, the post-conviction court determined that Petitioner failed to show that trial counsel was ineffective or that he was prejudiced by her representation. In fact, the post-conviction court accredited Petitioner's testimony in which he admitted the "motivation for accepting the guilty plea was to get out of custody." The post-conviction court concluded that when Petitioner accepted the guilty plea, the motion to suppress was rendered moot. Nonetheless, the post-conviction court determined that there was no legal basis to suppress the drugs because the police had a reasonable suspicion to initiate an investigative stop of Petitioner. The post-conviction court commented on the fact that after Petitioner resisted and was detained, the police found cocaine in the area nearby. In the post-conviction court's assessment, the location of the cocaine gave police probable cause to further detain Petitioner, ultimately making the issue of whether the drugs actually belonged to Petitioner a jury question. The post-conviction court accredited trial counsel's testimony in which she insisted that she met with Petitioner several times, assessed the case, and determined that while a motion to suppress would not be frivolous, it would most likely not be successful. Lastly, the post-conviction court determined that Petitioner entered the guilty plea knowingly and voluntarily, denying the petition for relief.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred by determining that his guilty plea was entered knowingly and voluntarily. Specifically, Petitioner argues that he was "forced into accepting the State's plea offer because [trial counsel] failed to pursue a suppression motion." Petitioner also argues that he received ineffective assistance of counsel on the basis that trial counsel failed to file a motion to suppress. The State disagrees, insisting that "[n]othing in the record warrants a reversal of the court's findings."

*A. Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

*B. Ineffective Assistance of Trial Counsel*

Petitioner argues that he received ineffective assistance of trial counsel. Specifically, Petitioner asserts that trial counsel failed to adequately prepare for and file a motion to suppress so he had no other choice but to enter a guilty plea or languish in jail awaiting a jury trial. Tangentially, Petitioner insinuates that statements he made on the night of his arrest resulted from a violation of his *Miranda* rights. Because Petitioner did not raise the issue about *Miranda* in his petition for post-conviction relief, he cannot now raise it on appeal. *See Jeffrey Lynn Myers v. State*, No. M2004-02411-CCA-MR3-PC, 2005 WL 1541870, at *5 (Tenn. Crim. App. June 29, 2005), *no perm. app. filed*.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance

or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

This Court has previously addressed the evidence necessary at a post-conviction hearing in order to demonstrate that counsel's failure to file a motion to suppress prejudiced the petitioner:

> It is well settled that when a [p]etitioner in post-conviction proceedings asserts that counsel rendered ineffective assistance of counsel by failing to call certain witnesses to testify, or by failing to interview certain witnesses, these witnesses should be called to testify at the post-conviction hearing; otherwise, [p]etitioner asks the [c]ourt to grant relief based upon mere speculation. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. 1990). The same

standard applies when a [p]etitioner argues that trial counsel was constitutionally ineffective by failing to file pre-trial motions to suppress evidence. In order to show prejudice, [a] [p]etitioner must show by clear and convincing evidence that (1) a motion to suppress would have been granted and (2) there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). In essence, the petitioner should incorporate a motion to suppress within the proof presented at the post-conviction hearing.

*Terrance Cecil v. State*, No. M2009-00671-CCA-R3-PC, 2011 WL 4012436, at *8 (Tenn. Crim. App. Sept. 12, 2011), *no perm. app. filed*. Thus, "[i]f a petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to . . . file a motion to suppress, . . . the petitioner is generally obliged to present . . . the [evidence supporting his claim] at the post-conviction hearing in order to satisfy the *Strickland* prejudice prong." *Demarcus Sanders v. State*, No. W2012-01685-CCA-R3-PC, 2013 WL 6021415, at *4 (Tenn. Crim. App. Nov. 8, 2013), *perm. app. denied* (Tenn. Mar. 17, 2014); *see also Craig Abston v. State*, No. W2014-02513-CCA-R3-PC, 2016 WL 3007026, at *9 (Tenn. Crim. App. May 17, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016).

At the hearing, trial counsel testified that she met with Petitioner several times and was drafting a motion to suppress at the same time she was attempting to negotiate a settlement offer with the State. According to trial counsel, Petitioner was most concerned with getting out of jail. In fact, Petitioner admitted as much during the post-conviction hearing. The post-conviction court accredited the testimony of trial counsel and nothing in the record preponderates against this finding. In other words, the post-conviction court determined that trial counsel was not ineffective. As a result, the post-conviction court deemed moot the issue of whether Petitioner was prejudiced by the absence of a motion to suppress. However, because Petitioner presented the testimony of Officer Straub and Officer Tuberville, the post-conviction court summarized the testimony and determined that there was actually "no basis to suppress the evidence." Nothing in the record preponderates against this determination by the post-conviction court. Thus, even if trial counsel's filing of the motion to suppress had not been circumvented by Petitioner's entry of his guilty plea, Petitioner has not shown that he was prejudiced by the failure to file the motion. Petitioner is not entitled to relief on this issue.

### C. Guilty Plea

Petitioner also argues that his guilty plea was involuntary and unknowing. In order to determine whether a plea is being entered knowingly and voluntarily, the trial court must "canvass[ ] the matter with the accused to make sure he has a full

understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). The trial court looks to several factors before accepting a plea, including:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993); *see Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006). Once the trial court has conducted a proper plea colloquy, it discharges its duty to assess the voluntary and intelligent nature of the plea and creates an adequate record for any subsequent review. *Boykin*, 395 U.S. at 244. Statements made by a petitioner, his attorney, and the prosecutor during the plea colloquy, as well as any findings made by the trial court in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Statements made in open court carry a strong presumption of truth, and to overcome such presumption, a petitioner must present more than "conclusory allegations unsupported by specifics." *Id.* at 74.

As noted by the post-conviction court, all of Petitioner's claims about the voluntariness of his guilty plea are belied by the transcript of the guilty plea hearing, in which he was advised of all of his constitutional rights and his sentencing range. The transcript reflects that Petitioner approved of the performance of trial counsel, affirmed that he was clear-minded, and insisted that it was his desire to plead guilty. Moreover, both Petitioner and trial counsel testified at the post-conviction hearing that Petitioner agreed to plead guilty based on his desire to get out of jail. This desire holds no consequence to us as it does nothing to negate a perfectly sound plea process. Petitioner has failed to prove that he received the ineffective assistance of counsel that would otherwise render his guilty plea involuntary and unintelligent. Petitioner is not entitled to relief on this issue.

*Conclusion*

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE